# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BOYD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. ETCHEBEHERE,<br><br>　　　　　Defendant. | Case No.: 1:13-01966-LJO-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S REQUEST TO STAY DISCOVERY PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 22] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT HISTORY

This action is proceeding is against Defendant Etchebehere for violation of his First Amendment right to free exercise of religion.

On November 25, 2014, Defendant filed a motion for summary judgment based on lack of exhaustion of administrative remedies.

On November 26, 2014, Defendant filed a motion to stay discovery pending resolution of the motion relating to exhaustion. (ECF No. 22.)

Plaintiff did not file an opposition.

///

1

## II.

## LEGAL STANDARD

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt*, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

## III.

## DISCUSSION

Pursuant to the Court's standard practice in civil rights cases such as this, the discovery phase opens via the issuance of a discovery and scheduling order, and the discovery period is eight months long, with the potential for extension upon a timely showing of good cause. Fed. R. Civ. P. 16(b). In this case, the discovery phase commenced on September 18, 2014, with the issuance of the discovery and scheduling order, and the discovery deadline was set for May 18, 2015.

Defendant moved for a stay of discovery pending resolution of his exhaustion motion.

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on unexhausted claims. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's claims in this action, which would obviate the need for discovery as to those claims. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's

claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170.

The Court finds good cause to grant Defendant's motion to stay discovery. As stated, Defendant's motion for summary judgment is based on the ground that Plaintiff failed to exhaust his administrative remedies for the claim at issue in this case. Resolution of Defendant's motion for summary judgment may cause discovery to be unnecessary. Plaintiff has not opposed a stay of discovery, and the Court does not anticipate a lengthy stay pending resolution of the motion for summary judgment. Therefore, Defendant's motion to stay discovery shall be granted. Except for discovery related to whether Plaintiff failed to exhaust the administrative remedies, the parties are precluded from responding to any discovery requests or serving any discovery requests until the stay is lifted. If the parties have been served with discovery requests that do not relate to Plaintiff's exhaustion of administrative remedies, they shall retain the discovery for later consideration, if and until the stay has been lifted.

### IV.
### ORDER

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Defendants' motion to stay discovery, filed on November 26, 2014, is GRANTED;
2. Discovery in this action, which commenced on September 18, 2014, is stayed pending resolution of Defendant's exhaustion motion; and
3. Following the resolution of Defendant's motion for summary judgment, the Court shall issue a new scheduling order if necessary.

IT IS SO ORDERED.

Dated: **January 8, 2015**

UNITED STATES MAGISTRATE JUDGE