UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. ETCHEBEHERE,<br><br>　　　　Defendant. | Case No.: 1:13-cv-01966-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>[ECF No. 20] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Defendant Etchebehere's motion for summary judgment, filed November 25, 2014.  Plaintiff filed an opposition on January 15, 2015, and Defendants filed a reply on February 20, 2015.  Pursuant to Local Rule 230(*l*), the motion is deemed submitted upon the record without oral argument.

**I.**

**DISCUSSION**

**A.**　**Motion for Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc.

1

v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

///

///

**B.     Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings. Albino, 747 F.3d at 1170. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28,

2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." Jones v. Bock, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. In California, the courts have previously found that CDCR guidelines do not need to identify the defendants by name because the proper form and CDCR regulations do not require identification of specific individuals. See, e.g., Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

However, effective January 28, 2011, the regulations require inmates to identify the staff members involved, and provide as follows:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or shell shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2011).

**C.   Allegations of Complaint**

On or around January 11, 2012, Plaintiff was informed by Defendant Etchebehere, Associate Warden at California Substance Abuse and Treatment Facility and State Prison in Corcoran, California ("SATF") that he could not receive the mandatory religious meals (Ramadan meals) if he was not a participant in the prison's Religious Meat Alternate Program (aka Halal Diet). At the time of the July 11, 2012, announcement, Plaintiff was on the religious vegetarian diet list.

Because Plaintiff feared not receiving Ramadan meals, he enrolled in the Religious Meat Alternate Program (RMAP) on July 19, 2012, and was approved that day. Despite being approved for the program, Plaintiff contends he did not receive Ramadan meals between July 19, 2012 and July 25, 2012.

**D.     Undisputed Facts[1]**

1.  Plaintiff Curtis L. Boyd is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2.  Plaintiff filed this lawsuit on December 2, 2013.

3.  Plaintiff was housed at California Substance Abuse and Treatment Facility and State Prison, in Corcoran, California (SATF) in 2012.

4.  Defendant Etchebehere worked as an Associate Warden at SATF in July 2012.

5.  Plaintiff alleges that on or around July 11, 2012, Defendant informed him "that he could not receive his mandatory religious meals (Ramadan Meals) if he was not a participant in the prison's Religious Meat Alternate Program (a.k.a. Halal Diet)," ("RMAP"), as of July 18, 2012.

6.  Plaintiff is a practicing Muslim who was registered under the vegetarian diet program on or around July 18, 2012.

7.  In fear of not receiving his mandatory Ramadan meals, Plaintiff applied for the RMAP on July 19, 2012, and was approved the same day.[2]

8.  Plaintiff claims that Defendant Etchebehere denied Plaintiff his Ramadan meals between July 19, 2012 and July 25, 2012.[3]

9.  Plaintiff's complaint seeks compensation for the hunger, thirst, and mental and emotional pain he suffered from not receiving Ramadan meals between July 19, 2012 and July 25, 2012.

---

[1] These facts are compiled from the parties' submissions where not in dispute. Where Plaintiff has attempted to dispute Defendants' statement of fact by adding additional information, such attempt is improper as nonresponsive and does not place such statement of fact in dispute.

[2] Plaintiff's contention that he did not sign up for participation in RMAP until July 25, 2012, is contradicted by the allegations in the complaint clearly stating he signed up on July 19, 2012. (ECF No. 1, Compl. ¶ 13.)

[3] Plaintiff's new factual contention that he was denied Ramadan meals between July 25, 2012 and July 30, 2012, conflicts with the allegations in his complaint and the dates set forth in his inmate grievance for second level review. (ECF No. 1, Compl. ¶¶ 13, 14, 17; ECF No. 20-3 at 11.) Such factual contention, unsupported by evidence, does not place this statement of fact in dispute.

10. CDCR had an administrative grievance process for inmates at all times relevant to the complaint.

11. CDCR permits inmates to appeal any policy, decision, action, condition, or omission by CDCR or its staff that the inmate can demonstrate as having a material adverse effect upon his health, safety, or welfare.

12. Prisoners must follow the procedures set forth in sections 3084.1 through 3084.9 of Title 15 of the California Code of Regulations when filing an administrative appeal.

13. CDCR's administrative inmate grievance process has had three successive levels of review since January 28, 2011.[4]

14. An inmate appeal is initiated by submitting CDCR Form 602 ("Form 602").

15. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative exhaustion process, unless the inmate is excused from one of the levels under CDCR's administrative exhaustion procedures.[5]

16. A final decision at the third level of review generally exhausts an inmate grievance.

17. Since January 28, 2011, inmates submitting a Form 602 must describe the specific issue under appeal and relief requested in addition to identifying all staff members involved and describing their involvement.[6]

18. If the inmate cannot identify the staff member(s) involved, the inmate must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

19. The inmate is limited to one issue or related set of issues per each Form 602 submitted.

20. Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the

---

[4] Plaintiff attempts to add additional information to place this fact in dispute which is non-responsive because it is not stated whether the complaint or appeal documented complied with the appeal process.

[5] Plaintiff's objection to this statement if non-responsive in that it does not address the requirement about processing appeals through all relevant level of the appeal process unless excused from a level.

[6] Plaintiff's objection to this statement is nonresponsive in that it does not address whether identification or staff members involved in the issue under appeal and a description of their involvement has been required since January 28, 2011.

originally submitted Form 602, and addressed through all required levels of administrative review up to and including the third level.

21. Plaintiff knew about and utilized the administrative grievance process while at CSATF.

22. Appeal Log No. SATF-E-12-03511 is the only appeal that Plaintiff submitted for first or second level review between July 1, 2012 and December 2, 2013, the day he filed this lawsuit.

23. In the Form 602 for SATF-E-12-03511, Plaintiff complained that "since July 19th I've been denied my right to receive my Ramadan breakfast and regular evening meal solely because I was not a participant in the Religious Meat Alternative Program (a.k.a. Halal Meal)[.] I contend that CDCR officials did not require that I participate in the religious Meal Alternative Program (a.k.a. Halal Meal) in order to receive my Ramadan breakfast meal and regular evening meals in violation of sections 3050; 3053, and 3054.3(a) of the CCR title 15 which states in part '[M]uslim inmates may participate in the program' as a result of CDCR illegal requirement, I am being deprived of nutrition and my right to participate in religious practice which violates (CCR) T15 Article 4, 3050(2) and states that variations to the two hot meals per day requirement may [be] allowed to [accommodate] religious observances."

24. In his original appeal, Plaintiff requested that the requirement that he enroll in the RMAP to receive Ramadan meals be reversed, to be provided with Ramadan and evening meals, to not be retaliated against for filing the grievance, and to be interviewed regarding the issue.

25. Nowhere in Appeal Log No. SATF-E-12-03511 does Plaintiff identify Defendant Etchebehere or any particular CDCR official as responsible for imposing the requirement of enrolling in the RMAP in order to receive religiously mandated Ramadan and evening meals.

26. Appeal Log No. SATF-E-12-03511 was granted at the first level of review.

27. In his request for second level review, Plaintiff stated for the first time that he wanted compensation for "pain and suffering."

1  28.  Appeal Log No. SATF-E-12-0355 was partially granted at the second level of review
2      but Plaintiff was not given compensation.
3  29.  Plaintiff sought third level review of Appeal Log No. SATF-E-12-03511.
4  30.  The only appeal that OOA received from Plaintiff between July 11, 2012 and
5      December 2, 2013, was Appeal Log No. SATF-E-12-03511, also known as IAB No.
6      1206212.
7  31.  Appeal Log No. SATF-E-12-03511, also known as IAB No. 1206212, was denied at
8      the third level of review on February 1, 2013.

### E.   Parties' Positions

Defendant moves for summary judgment on the ground that Plaintiff failed to identify Defendant Etchebehere in the single appeal relevant to his claim that he was required to participate in the prison's Religious Meat Alternate Program in order to receive his religiously mandated Ramadan and evening meals. Defendant argues that Plaintiff therefore failed to comply with the applicable regulations and did not give CDCR a full and fair opportunity to address his claims.

Plaintiff argues he was not required to identify Defendant by name in his inmate appeal in order to properly exhaust the administrative remedies because Defendant Etchebehere created the policy/memorandum at issue in the instant action, and his inmate appeal was not rejected for failure to name a staff member.

### F.   Findings

It is undisputed that Plaintiff Appeal No. SATF-E-12-03511, grieved the claim at issue in this case. The sole issue to be determined is whether Plaintiff adequately exhausted the administrative remedies as to Defendant Etchebehere by way of Appeal No. SATF-E-12-03511. Proper exhaustion of available remedies is mandatory, Booth, 532 U.S. at 741, and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90.

///
///
///

In Appeal Log No. SATF-E-12-03511, at the first level of review Plaintiff stated the following:

> since July 19th I've been denied my right to receive my Ramadan breakfast and regular evening meal solely because I was not a participant in the Religious Meat Alternative Program (a.k.a. Halal Meal)[.] I contend that CDCR officials did not require that I participate in the religious Meal Alternative Program (a.k.a. Halal Meal) in order to receive my Ramadan breakfast meal and regular evening meals in violation of sections 3050; 3053, and 3054.3(a) of the CCR title 15 which states in part '[M]uslim inmates may participate in the program' as a result of CDCR illegal requirement, I am being deprived of nutrition and my right to participate in religious practice which violates (CCR) T15 Article 4, 3050(2) and states that variations to the two hot meals per day requirement may [be] allowed to [accommodate] religious observances."

(ECF No. 20, Decl. of M. Hildreth, Ex. B.) Plaintiff requested to have the illegal requirement to participate in the Religious Meat Alternative Program to receive Ramadan meals reversed. (Id.) Plaintiff's appeal was granted at the first level of review, and Plaintiff's name was placed on the Ramadan list and he received his Ramadan meal. (Id.)

Plaintiff appealed to the second level of review and stated, "I am very dissatisfied because during my interview with Haroun regarding my appeal I presented in writing and verbally that I wanted to be compensated for my pain and suffering. My right to add to my appeal at the first level was denied, and I am requesting that it be added at my second level." (Id.) The appeal was granted in part at the second level of review. (Id.) The appeal was partially granted in that Plaintiff will be allowed to participate in the end of Ramadan sacred religious celebration. It was also noted "now that CSATF has a Muslim Chaplain on staff, the [M]uslim inmates will be reviewed for their eligibility to participate in future Ramadan meals. However, your request to receive the daily Ramadan meals is denied as Ramadan ended on August 19, 2012 and your request for compensation is outside the scope of the appeal process, there is also denied." (Id.)

Lastly, Plaintiff appealed to the third and final level, and a Director's Level decision was issued on February 1, 2013, denying the appeal stating the following:

> Following analysis of the submitted documentation, the Appeals Examiner has determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff at the SATF. An appeal inquiry was conducted by Chaplain

9

> Harboun and the appeal was reviewed by the institution's Warden.  Despite the appellant's dissatisfaction, this review finds no evidence of a violation of existing policy or regulation by the institution based upon the arguments and evidence presented.
>
> The appellant's appeal request that he not be required to participate in the halal diet to be considered for participation in Ramadan services was granted.  Without a Muslim Chaplain, the institution attempted to develop a list of participants for Ramadan services as expeditiously as possible.  Following a review of this practice by the newly hired Muslim Chaplain, institutional staff agreed that the requirement that inmates must be receiving the halal diet to participate in Ramadan services was inappropriate; therefore, the appellant was afforded the opportunity to participate in Ramadan services.  The appellant was informed that the Muslim Chaplain will review inmate eligibility to participate in future Ramadan meals accordingly.  Further relief in this matter at the Third Level of Review is unwarranted.

(Id.)

The Court finds that Plaintiff sufficiently exhausted the administrative grievance process with respect to Defendant Etchebehere.  Although the 2011 revision now requires that inmates name a specific staff member, if known, the mere fact that Defendant Etchebehere was not specifically named in Plaintiff's grievance does not necessarily mean that Plaintiff failed to exhaust the administrative grievance process.  The doctrine of exhaustion protects administrative agency authority by giving the agency an opportunity to correct its own mistakes before being haled into court and it discourages disregard of the agency's procedures.  Woodford v. Ngo, 548 U.S. at 89.  Exhaustion also promotes efficiency because claims can generally be more quickly and economically resolved before an agency.  Id.  The primary purpose of a grievance is to alert the institution to a problem and facilitate its resolution, not lay groundwork for litigation.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The appeal has to be "sufficient" to exhaust the claim and sufficiency is determined by the prison's rules, but by virtue of the fact they accepted the appeal for substantive review and *did not* reject it, they found it sufficient.  Plaintiff's grievance altered SATF officials that Plaintiff was being improperly denied participation in the Ramadan services based on his lack of participation in the Religious Meal Alternative Program.  These allegations, and the fact that Plaintiff pursued the administrative appeal SATF-E-12-03511 to the Director's level review, satisfy the requirements of the PLRA.  It is clear that Plaintiff was not attempting circumvent the administrative process, thereby

denying "the agency a fair and full opportunity to adjudicate [his] claims[,]" which is the primary concern when faced with a procedural defect that precludes "proper exhaustion." Woodford v. Ngo, 548 U.S. at 89-91.

Defendant has submitted no authority for the proposition that Plaintiff must specifically name a responsible staff member when challenging a prison policy relating to religious services, particularly when the grievance was considered on the merits at all three levels of review. Prison officials granted Plaintiff's grievance at the first level of review (which was upheld at the second and third levels of review) finding that the requirement that inmates must be receiving the halal diet to participate in Ramadan services was inappropriate and in doing so, the purpose underlying the exhaustion requirement was served: the agency had notice and an opportunity to resolve the grievance. Jones v. Bock, 549 U.S. at 203-204; Woodford v. Ngo, 548 U.S. at 89-90; Sapp v. Kimbrell, 623 F.3d 810, 823 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1223 (9th Cir. 2010). By accepting Plaintiff's grievance at each level of review and issuing a decision on the merits at each level, Defendant cannot now claim that Plaintiff failed to exhaust the grievance process provided by CDCR for failure to name Defendant Etchebehere. Accordingly, the Court recommends denial of Defendant's motion for summary judgment as Plaintiff's claim was properly exhausted.[7]

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Etchebehere's motion for summary judgment for failure to exhaust the administrative remedies be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections

---

[7] Defendant has filed objections to some of Plaintiff's evidence submitted in opposition to the instant motion. Specifically, Defendant objects to paragraphs one and two of Plaintiff's declaration on the grounds of hearsay and lack of foundation and the July 11, 2012, memorandum for lack of authentication. (ECF NO. 30-3.) Under Federal Rule of Civil Procedure 56, a party may object to the admissibility of evidence presented. Fed. R. Civ. P. 56(c)(2). Defendant's objections are immaterial because the Court does not rely on the evidence objected to in ruling on the instant motion.

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 31, 2015**

UNITED STATES MAGISTRATE JUDGE