**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BOYD, | ) Case No. 1:13-01966-LJO-SAB (PC) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DENYING PLAINTIFF'S MOTION |
| | ) FOR APPOINTMENT OF COUNSEL AND |
| C. ETCHEBEHERE, | ) MOTION FOR PROTECTIVE ORDER |
| | ) [ECF Nos. 42, 43] |
| Defendant. | ) |
| | ) |
| _____ | ) |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 2, 2015, Plaintiff filed a motion for the appointment of counsel, along with a separate motion for a protective order.   (ECF Nos. 42, 43.)  Based on the nature of Plaintiff's motions, the Court finds an opposition unnecessary and the motions are deemed submitted.  Local Rule 230(l).

**I.**

**DISCUSSION**

**A.     Request for Appointment of Counsel**

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

1   U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the

2   voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

3          Without a reasonable method of securing and compensating counsel, the court will seek

4   volunteer counsel only in the most serious and exceptional cases.  In determining whether

5   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

6   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

7   legal issues involved."  Id.  (internal quotation marks and citations omitted).   The burden of

8   demonstrating exceptional circumstances is on the plaintiff.  Palmer v. Valdez, 560 F.3d 965, 970 (9th

9   Cir. 2009).   Circumstances common to most prisoners, such as lack of legal education and limited law

10  library access, do not establish exceptional circumstances that warrant a request for voluntary

11  assistance of counsel.

12         In the present case, the Court does find that neither the interests of justice nor exceptional

13  circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th

14  Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff seeks the appointment of

15  counsel based on his indigent status, the limitations on his ability to litigate due to his imprisonment,

16  the potential of presenting conflicting testimony at any trial in this case, and the need for advice from

17  counsel during his scheduled deposition.  Plaintiff's circumstances are no different than any other

18  prisoner, and Plaintiff has failed to demonstrate exceptional circumstances to warrant the appointment

19  of voluntary counsel in this action.  While a pro se litigant may be better served with the assistance of

20  counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims

21  against the relative complexity of the matter," the "exceptional circumstances" which might require

22  the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of

23  discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact

24  that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing

25  of expert testimony.")  Accordingly, Plaintiff's motion for appointment of counsel must be DENIED.

26  ///

27  ///

28  ///

1

2

3  **B.**  **Protective Order**

4    Plaintiff seeks a protective order under Federal Rules of Civil Procedure 26(c)(1) and 30(a) to

5 prevent Defendant from taking his deposition.

6    Plaintiff indicates that he received a Notice of deposition to take place on November 17, 2015.

7 Plaintiff contends that he can only be deposed upon leave of the Court on such terms as the Court

8 prescribes.  Plaintiff is mistaken.  Pursuant to the September 18, 2014, discovery and scheduling order,

9 the parties were specifically advised as follows:

10      Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose
      Plaintiff and any other witness confined in a prison upon condition that, at least
11      fourteen (14) days before such a deposition, Defendant serves all parties with the notice
      required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Federal Rule of Civil
12      Procedure 30(b)(4), the parties may take any deposition under this section by video
      conference without a further motion or order of the Court.  Nothing herein forecloses a
13      party from bringing a motion for a protective order pursuant to Federal Rule of Civil
      Procedure 26(c)(1) if necessary.
14

15 (ECF No. 14, Order at 2:4-9.)

16    Rule 26 of the Federal Rules of Civil Procedure provides that:

17      A party or any person from whom discovery is sought may move for a protective order
      in the court where the action is pending-or as an alternative on matters relating to a
18      deposition…  The court may, for good cause, issue an order to protect a party or person
      from annoyance, embarrassment, oppression, or undue burden or expense….
19

20 Fed. R. Civ. P. 26.

21    Plaintiff seeks a protective order based on his claim that he is entitled to appointment of

22 counsel; however, Plaintiff's request must be denied for the reasons stated above in section A.

23 Plaintiff has simply failed to carry his burden to demonstrate that good cause exists for issuance of a

24 protective order.  Plaintiff initiated this action and is required to respond to discovery requests from

25 Defendant.  Plaintiff is forewarned that the failure to attend a properly noticed deposition may result in

26 an order requiring Plaintiff to pay Defendant the reasonable expenses for attending the deposition,

27 including attorney's fees.  Fed. R. Civ. P. 30(g).  Plaintiff may also be sanctioned for failing to attend

28

a properly noticed deposition.  Fed. R. Civ. P. 37(d).  Sanctions may include an order dismissing this

action.  Fed. R. Civ. P. 37(b)(2)(A)(v).  Plaintiff may not delay a deposition by filing frivolous

requests to postpone the deposition.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for the appointment of counsel is DENIED; and

2.      Plaintiff's motion for a protective order is DENIED.

IT IS SO ORDERED.

Dated:   __**November 5, 2015**__

UNITED STATES MAGISTRATE JUDGE

4