**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BOYD,<br><br>        Plaintiff,<br><br>    v.<br><br>C. ETCHEBEHERE,<br><br>        Defendant. | Case No. 1:13-01966-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT TO IDENTIFY DOE DEFENDANTS<br><br>[ECF No. 39] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion to amend to identify the "Doe" defendants, filed September 21, 2015.  (ECF NO. 39.)  Defendants filed an opposition on October 7, 2015, and Plaintiff filed a reply on October 23, 2015.  (ECF Nos. 40, 41.)

The Court has carefully reviewed Plaintiff's motion to amend, Defendant's opposition, and Plaintiff's reply and finds that Plaintiff's motion to amend should be granted.

**I.**

**DISCUSSION**

**A.      Federal Rule of Civil Procedure 16**

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P.

16(d).  Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  <u>Id.</u>  The court may also consider the prejudice to the party opposing the modification.  <u>Id.</u>  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order."  <u>Kuschner Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

On May 5, 2014, the Court found that Plaintiff stated a cognizable claim against Defendant C. Etchebehere and Does 1 through 10 for a violation of his religious rights under the First Amendment. (ECF No. 6.)  With respect to the Doe Defendants, the Court specifically stated:

> Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants.  [Citations.]  Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.

(ECF No. 6 at 2.)

By way of his motion to amend, Plaintiff seeks to amend the complaint to identify the following seven "Doe" defendants: (1) D. Perkins, Correctional Food Manager; (2) J. Ojeda, Catholic Chaplain; (3) R. Guembe, Catholic Chaplain; (4) J. Collins; (5) R. Tolson; (6) Pennywell, Chief Deputy Warden; and (7) D. Hetebrink, Protestant Chaplain.  (ECF No. 39.)

2

Defendant contends that Plaintiff was not diligent in seeking to amend the complaint. Defendant argues that Plaintiff did not move to amend his complaint until September 16, 2015-eight months after identifying the Doe Defendants and six months after the deadline to amend expired.

Defendant submits that on July 25, 2014, prior to the start of discovery, Defendant received Plaintiff's "First Set of Interrogatories," dated July 22, 2014.  (ECF No. 40-2, Declaration of M. Onyeagbako ¶ 3.)  Plaintiff explained the interrogatories as follows:

> FOR THE LIMITED PURPOSE OF IDENTIFYING ALL PERSONS INVOLVED IN THE CREATING OR RESPONDING TO THE ACCOMPANIED inmate appeal … and RAMADAN MEMORANDUM …. This discovery request is in response to court order dated May 5, 2014, stating "Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants."

(Id. ¶ 3, Ex. A.)   On September 15, 2014, Plaintiff notified the Court that he had served the interrogatories on Defendant.  (ECF No. 13.)

On September 18, 2014, the Court issued its discovery and scheduling order, opening the discovery phrase of the action and setting the deadline for completion of all discovery was May 18, 2015.  (ECF No. 14.)  Pursuant to the discovery and scheduling order, the deadline to amend the pleadings was March 18, 2015.  (Id.)

Defendant submits that on September 30, 2014, he received a letter from Plaintiff regarding the interrogatory requests he had sent in July 2014.  In the letter, Plaintiff reemphasized his desire to identify the Doe Defendants, stating: "I was directed by the court to identify the doe defendants through discovery with your client."  (Decl. of M. Oneyeagbako ¶ 4, Ex. B.)

Defendant received a second copy of Plaintiff's "First Set of Interrogatories," on October 21, 2014.  (Decl. of M. Oneyeagbako ¶ 5.)  The interrogatories mentioned the Court's order to identify the Doe Defendants.  (Id. ¶ 15, Ex. C.)  Indeed, Plaintiff's Interrogatory Number 1 requested "the names of all individuals that provided informational input into the … Ramadan Fast Memorandum …."  (Id.)  On December 1, 2014, Defendant served responses to the first set of interrogatories.  (Id. ¶ 6.)  In response to Interrogatory Number 1, Defendant stated:

///

///

3

> After reasonable inquiry, Defendant recalls input from Correctional Food Manager D. Perkins; Catholic chaplains J. Ojeda and R. Guembe; and the Protestant chaplain, whose name Defendant cannot remember.  Defendant may have also spoken with J. Collins, R. Tolson, and Chief Deputy Warden Pennywell but is not certain.

(Id. ¶ 6, Ex. D.)

On December 16, 2014, Defendant received a letter from Plaintiff indicating he had received the discovery responses, but felt they were incomplete.  (Decl. of M. Onyeagbako ¶ 7.)  Plaintiff also indicated that he intended to amend the complaint "within the next few months or so," in order to "bring many other defendants, defenses, and greater discovery requests."  (Id. ¶ 7, Ex. E.)

On January 8, 2015, counsel for Defendant met and conferred with Plaintiff via telephone. (Decl. of M. Onyeagbako ¶ 8.)  Defense counsel informed Plaintiff that Defendant had identified the previously unnamed "Protestant chaplain" as D. Hetebrink; defense counsel also reiterated this face in a follow-up letter to Plaintiff.  (Id. ¶ 8, Ex. F.)

Discovery in this action remained open from September 8, 2014, until January 9, 2015-when discovery was stayed pending Defendant's motion for summary judgment on the issue of exhaustion. (ECF No. 23.)  After Defendant's motion for summary judgment was denied, the Court reopened discovery and extended the discovery and dispositive motion deadlines.  (ECF Nos. 37-38.)  The Court did not, however, modify the deadline to amend the pleadings which expired on March 18, 2015. (ECF No. 38.)

Based on the discussion below in section B, it is not apparent whether Plaintiff knew or understood of the requirement to amend the pleadings by the deadline provided, given that discovery was staying pending Defendants' motion for summary judgment.  This finding is not inconsistent with Plaintiff's statement in December 2014 that he intended to amend the complaint "within the next few months or so," and Plaintiff seeks only to amend the identity of the Doe Defendants.  Given the procedural history in this case, there is not sufficient evidence to find that Plaintiff did not act with due diligence in seeking leave to amend.  Accordingly, the Court finds that the Rule 16 good cause standard is met.

///

///

**B.      Federal Rule of Civil Procedure 15**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  AmerisourceBergen Corp., 465 F.3d at 951.  Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

1.      Bad Faith

Defendant acknowledges that there is no obvious evidence of bad faith on the part of Plaintiff, but argues that Plaintiff's "failure to give any plausible explanation for the delay in filing this motion" could be characterized as 'troublesome.' [Citation]."  Defendant further submits that Plaintiff's motion was served just sixteen days after the Court denied Defendant's exhaustion motion and had Plaintiff sought leave earlier, the Doe Defendants may have had the opportunity to join the motion-potentially changing the outcome.

Mere delay in bringing a motion to amend does not equate to a bad faith on the part of Plaintiff, and there is no basis to support the finding that Plaintiff intentionally delayed filing a motion to amend until after a ruling by the Court on Defendant's motion for summary judgment on exhaustion of the administrative remedies.  Accordingly, this factor does not weigh against amendment.

2.      Undue Delay

Undue delay, alone, is insufficient to deny leave to amend the pleadings.  Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment.  See

5

Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).   Also, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation."  Id. at 1387.

On January 9, 2015, the Court stayed discovery pending resolution of Defendant's exhaustion motion.  (ECF No. 23.)  Plaintiff submits that pursuant to the Court's January 9, 2015, order "all parties were barred from addressing any issue not related to the failure to exhaust claim," and Plaintiff believed he was allowed to amend the complaint to identify the "Doe" defendants within the discovery period.  (ECF No. 41, Reply at 1-2.)

When a plaintiff learns of the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-named defendant.  Brass v. County of Los Angeles, 328 F.3d 1192, 1195-1198 (9th Cir. 2003); see also Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (plaintiff should be given opportunity through discovery to identify the unknown defendants).  Failure to afford a plaintiff such opportunity is error.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  In light of the fact that the Court stayed discovery prior to the deadline to amend the pleadings,[1] it is reasonable to allow Plaintiff to amend the complaint at this point in time.  Plaintiff filed his motion to amend just two weeks after the Court lifted the stay of discovery and extended the deadline.  There is no question that Plaintiff promptly and diligently sought the identities of the "Doe" Defendants during discovery, and given the procedural posture of this case and the fact that Plaintiff is proceeding pro se, the Court finds that the factor of undue delay does not way against amendment.

       3.    <u>Prejudice to Defendant</u>

Prejudice is the most critical factor in determine whether leave to amend should be granted.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden of showing prejudice is on the party opposing an amendment to the complaint.  DCD Programs, 833 F.2d at 187.

---

[1] The Court did not extend the deadline to amend the pleadings in that order which further supports a finding of lack of undue delay by Plaintiff.

Discovery in this case was stayed from January 9, 2015 to September 1, 2015, pending final resolution of Defendant's motion for summary judgment.  On September 2, 2015, the Court extended the discovery deadline to December 10, 2015, and the dispositive motion deadline to February 10, 2016.

The fact that defense counsel contends amendment would require him to litigate this action against an additional seven defendants does not alone support a finding of prejudice, particularly given that counsel was on notice that Plaintiff sought relief against "Doe" defendants for which Plaintiff diligently sought the identities through discovery.  In addition, the amendment of the identities of the "Doe" Defendants does not in any way change the nature of the claim since Plaintiff seeks relief based on the same claim against Defendant Etchebehere.  Furthermore, defense counsel is a Deputy Attorney General employed by the Office of the California Attorney General.  Any increase in costs of litigation due to the addition of seven new defendants will not be imposed on defendants themselves.  The interests of justice support the finding that this action proceed against all of the defendants for whom Plaintiff alleges violated his constitutional rights.  While the discovery and dispositive motion deadlines will have to be extended after service of the newly identified defendants, such delay appears minimal given the present procedural posture of the case. Accordingly, there is not a strong showing of prejudice against Defendant in allowing amendment to identify the Doe Defendants at this time.

4.   Futility

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845; see also Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be found where added claims are duplicative of existing claims of patently frivolous, or both.  See Bonin, 59 F.3d at 846.

Defendant argues that Plaintiff's amended complaint fails to allege the individual involvement of each Doe Defendant in bringing about the constitutional violation.  The Court does not agree. Based upon a review of Plaintiff's complaint, Plaintiff has sufficiently alleged under Rule 8 a basis for liability against each of the Doe Defendants on the same basis that Plaintiff stated a cognizable claim against Defendant Etchebehere.

///

On balance, the Court finds that Plaintiff's motion to amend should be granted.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motion to amend the complaint is GRANTED;

2.     Plaintiff is granted leave to amend the complaint for the *sole* purpose of identifying the "Doe" defendants.  Plaintiff may not raise any new claims against any of the substituted Defendants or Defendant Etchebehere;

3.     Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint; and

4.     Plaintiff shall file a First Amended Complaint, consistent with this order, within thirty days from the date of service of this order, and the Court will thereafter issue an order regarding service of process by the United States marshal.

IT IS SO ORDERED.

Dated:   **November 9, 2015**

UNITED STATES MAGISTRATE JUDGE

8