UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BOYD,<br><br>             Plaintiff,<br><br>     v.<br><br>C. ETCHEBEHERE, et.al.,<br><br>             Defendants. | Case No. 1:13-cv-01966-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 55] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Etchebehere, J. Ojeda, F. Cole, J. Gallagher, B. Odle, D. Perkins, D. Hetebrink, and R. Guembe for violation of Plaintiff's rights to free exercise of his religion.[1]

On December 22, 2015, Plaintiff filed a motion to compel. On January 5, 2016, Defendant filed a partial-opposition to Plaintiff's motion to compel. (ECF No. 58.) Plaintiff filed a reply on January 27, 2016. (ECF No. 59.) Pursuant to court order, Defendant filed a sur-reply on February 11, 2016. (ECF No. 61.)

---

[1] Defendants Perkins, Guembe, Hetebrink, and Ojeda waived service of the summons and complaint on January 26, 2016. (ECF No. 62.) Defendant Cole waived service of the summons and complaint on January 26, 2016. (ECF No. 63.) To date, Defendants Gallaher and Odle have not yet been served.

# I.

# DISCUSSION

### A. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 14, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.

3

1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

Here, in his motion to compel, Plaintiff moves: (1) to compel production of Supplemental Request for Production of Documents; (2) to compel a response to Request for Admission No. 5; and (3) for an award of sanctions. (ECF No. 55, Mot. at 1.) Each request will be addressed separately.

1. Supplemental Request for Production of Document

In his Notice for Production of Documents, served September 16, 2015, Plaintiff requested all documents regarding observance of Ramadan at Substance Abuse Treatment Facility (SATF) from 2006 through 2012. (ECF No. 59, Decl. of A. Whisnand, ECF No. 58, Ex. A.) Defense counsel contacted SATF's litigation coordinator and asked for all documents relating to Ramadan at SATF from 2006 to 2012. (Decl. of A. Whisnand, ¶ 4.) On October 16, 2015, defense counsel served "Defendant's Responses to Plaintiff's First Request for Production of Documents," which counsel submits included all of the responsive documents that SATF had located. (Id. ¶¶ 4-5; see also Ex. C [ECF Nos. 58-1 at 16-53 and 58-2 at 1-2].)

a. **Legible Copies of All Committee Meeting Minutes**

On October 26, 2015, Plaintiff requested: (1) "legible copies of all com[m]ittee meeting in the years 2010, 2011, and 2012 minutes at [SATF], regarding creation and implementing the respective RAMADAN FASTING programs …," and (2) "[a] copy of the administrative com[m]ittee rules for

1  order of business, proposing and adopting of inmate activity programs." (ECF No. 59, Decl. of A.
2  Whisnand, ¶¶ 8-10; ECF No. 58, Ex. F.) On November 20, 2015, Defendant objected to the
3  Supplemental Request for Production of Documents on the grounds that the request was "vague and
4  ambiguous as to 'administrative committee rules' and 'inmate activity programs.'" (Decl. of A.
5  Whisnand, ¶ 13; Ex. H, AJW.093.) Plaintiff also indicated that some of the documents provided were
6  "faded and "NOT LEGIBLE." (Id.)

7  On November 17, 2015, defense counsel informed Plaintiff that he would attempt to darken the
8  faded documents. (Decl. of A. Whisnand, ¶ 11.) That same day, defense counsel submits that he
9  contacted SATF's litigation coordinator and asked whether he could either produce the original
10 documents or provide darker copies. (ECF No. 61-1, Second Decl. of A. Whisnand, ¶ 3; see also
11 Decl. of A. Whisnand Ex. G (ECF No. 58-2 at 42].) The litigation coordinator informed counsel that
12 SATF no longer possessed the originals, and the electronic, scanned copies were poor quality.
13 (Second Decl. of A. Whisnand, ¶ 4; see also Decl. of A. Whisnand, Ex. G.) Defense counsel submits
14 that he coordinated with his office staff to darken the documents Defendant had previously produced.
15 (Second Decl. of A. Whisnand, ¶¶ 2-5.)

16 On November 20, 2015, defense counsel informed Plaintiff that SATF no longer possessed the
17 original documents and only maintained poor copies. (Decl. A. Whisnand, Ex. G.) Defense counsel
18 also informed Plaintiff that his staff and SATF staff had created darkened copies of the documents,
19 which counsel enclosed with the letter. (Second Decl. of A. Whisnand, ¶ 5; see also Decl. of A.
20 Whisnand, ¶ 12; Ex. G.)

21 On November 27, 2015, Plaintiff sent a letter to counsel attempting to clarify the Supplemental
22 Request for Production of Documents, but did not object to the darkened documents he had received.
23 (Decl. of A. Whisnand, Ex. H [ECF No. 58-2 at 44].)

24 Because the original documents no longer exist, counsel provided Plaintiff the best option
25 available which was darkened copies of the originals, and counsel served the darkened copies within a
26 month of receipt of Plaintiff's complaint. (Second Decl. of A. Whisnand, ¶¶ 2-5.) Defense counsel
27 submits that after a diligent inquiry higher-quality documents simply do not exist, and Plaintiff's claim
28 that high-quality scans of the original documents are maintained in CDCR's SOM database is

incorrect.  (Id. ¶ 6.)  Defense counsel declares that he contacted SATF's litigation coordinator and asked where it stored electronic copies of the Ramadan documents that were produced and whether such documentation was stored in the "SOMS," or CDCR's strategic offender management system. (Id.)  The litigation coordinator informed counsel that the documents he had provided came from computer systems in SATF's community resource management's office system, and not SOMS or the related "ERMS" system.  (Id.)  The litigation coordinator also advised counsel that SOMS and ERMS primarily contain documents related to inmate central files.  (Id.)

In addition, with regard to Plaintiff's argument that Defendants failed to provide "the requested MINUTES from the 2010, 2011, and 2012 committees[,]" defense counsel submits that Plaintiff was provided with all of the documents that the litigation coordinator at SATF could locate concerning Ramadan planning at SATF from 2006 to 2012.  (Decl. of A. Whisnand, ¶ 4.)  Absent evidence to the contrary, not present here, Plaintiff is required to accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist.  However, Defendant is advised of her duty to supplement disclosure if such documentation is discovered.  Fed. R. Civ. P. 26(e)(1)(A).  At this juncture, Defendant's representation that minutes from the 2010, 2011, and 2012, either do not exist or could not located must be accepted at face value, and Plaintiff's motion to compel a further response is DENIED.

   b.  **Copy of Administrative Committee Rules**

In the October 26, 2015, letter, Plaintiff requested "the administrative com[m]ittee rules for order of business, proposing and adopting of inmate activity programs."  (ECF No. 59, Decl. of A. Whisnand, ¶¶ 8-10; ECF No. 58, Ex. F.)  On November 20, 2015, Defendant, through her counsel, objected that the terms "administrative committee rules" and "inmate activity programs" were vague and ambiguous, and because of the vagueness and ambiguity Defendant could not locate documents responsive to the request.  (ECF No. 58, Ex. G.)

In his November 27, 2015, letter, Plaintiff requested "a straight forward written set of rule policies and procedures for conducting committee meetings to ratify, modify and adopt an inmate activity, or any administrative procedure …."  (Id. at Ex. H, AJW.095.)

6

Notwithstanding Defendant's objections, Defendant attempted to locate responsive documents. On December 8, 2015, defense counsel searched Title 15 of the California Code of Regulations and CDCR's Department Operations Manual for any policies, by-laws or rules regarding administrative committees and located a portion of Title 15 concerning "Religious Review Committees." (Second Decl. of A. Whisnand ¶ 7.)

On December 18, 2015, defense counsel responded by letter and indicated that Defendant provided a supplemental response to Plaintiff's Supplemental Request for Production of Documents, Set One.  (Decl. of A. Whisnand, ¶¶ 15-17.)  More specifically, Defendant provided the following response:

> SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1 (CORRESPONDENCE DATED OCTOBER 26, 2015):
>
> "Additionally, I am requesting a copy of the administrative committee rules for order of business, proposing and adopting of inmate activity programs."
>
> RESPONSE TO SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1.
>
> Defendant objects to this request on the grounds that the [sic] it is vague and ambiguous as to "administrative committee rules," "inmate activity programs," and "committee meetings."
>
> Subject to, and without waiving these objections, Defendant responds as follows.
>
> Defendant reasonably interprets "committee" to mean "religious committee," such as the committee responsible for planning the 2012 Ramadan preparations at the California Substance Abuse Treatment Facility and State Prison (SATF).  Defendant further interprets "inmate activity," to mean "inmate religious activity," such as the 2012 Ramadan celebration at SATF, at issue in this lawsuit.  In light of the foregoing, Defendant produces a true and correct copy of the California Code of Regulations, Title 15, Division 3, Subchapter 3, Article 1 (Religious Programs) as of 2012.

(Decl. of A. Whisnand, ¶¶ 15017, Ex. J, AJW.102-107.)

In his reply, Plaintiff seeks to compel production of "'[L]egible copies of all committee meeting[s] in the years 2010, 2011, and 2012 minutes at Substance Abuse Treatment Facility programs at this institution…." (ECF No. 59, Reply at 1.)  Plaintiff submits that he "was given faded copies to [sic] documents," and that because "CDCR uses a computer storage system called S.O.M.S….defendant should supply documents from that system for discovery." (Id. at 2.)  Plaintiff

also contends "Defendant has yet to deliver[] documents from that system in original form." (Id.) Plaintiff accuses Defendant and counsel of "SPOLIATION." (Id.)

Plaintiff also seeks to compel production of a "copy of the administrative committee rules for order of business, proposing and adopting activity programs." (Id. at 1.) Plaintiff submits that the documents produced by Defendant-"a copy of CDCR's Title 15 rule giving authority to hold a committee meeting for inmate activities"-were "non-responsive." Plaintiff argues that Defendant is being "non-responsive to a simple request for RULES THAT GOVERN THE ADMINISTRATIVE CONDUCT OF THESE COMMITTEE OPERATIONS," and asks whether "the phrase BY-LAWS [would] help [Defendant] to understand, the request?" (Id.)

On February 2, 2016, defense counsel contacted SATF's Litigation Coordinator to clarify where the scanned Ramadan documents SATF previously provided were stored. (Second Decl. of A. Whisnand ¶ 6.) The Litigation Coordinator stated that the documents were stored electronically on computers in the Community Resource Manager's Office—the documents were not stored on CDCR's "SOMS" or "ERMS" systems, as these systems primarily contain "C-File" documents. (Id.)

Defendant submits that, other than the excerpt of Title 15 concerning Religious Review Committees Defendant produced on December 18, 2015, Defendant is unaware of any written policies that govern administrative committee meetings. (Second Decl. of A. Whisnand ¶ 8; see Decl. of A. Whisnand, Ex. C [ECF No. 58-2 at 3].)

Plaintiff maintains, however, "that if counsel believed that the delivered copy of title 15 was the item asked for[,] [h]e was legally required to only respond by simply stating: 'The document requests is already in the possession of Plaintiff or can be obtained at the prison law library.'" (Pl.'s Reply, ECF No. 59, at 3.) Plaintiff fails to explain why the excerpt from Title 15 is non-responsive to his request, given that Defendant submits she is unaware of any written policies governing administrative committee meetings. Although Plaintiff may be dissatisfied with Defendant's response, Defendant cannot be compelled to produce documents that simply do not exist. To this end, Defendant is reminded of the obligation to supplement her response to such discovery request if further documentation is discovered. Fed. R. Civ. P. 26(e). Accordingly, Plaintiff's motion to compel a further response shall be denied.

### 2. Request for Admission No. 5

Defendant initially submits (and this Court agrees) that Plaintiff appears to confuse Request for Admission No. 5 (mentioned in Plaintiff's motion to compel which relates to whether anyone on the Ramadan committee consulted a Muslim Chaplain) with Request for Admission No. 3 (not mentioned in Plaintiff's motion to compel which relates to whether anyone on the Ramadan committee had a degree in Islamic Studies.) (See Decl. of A. Whisnand, Ex. D [ECF No. 58-2 at 22-27]; *compare* Pl.'s Mot. Compel, ECF No. 55 at 1 with Pl.'s Reply, ECF No. 59 at 1.) Defense counsel indicates that he did not agree to contact any non-defendant Ramadan committee members to ask them whether they had a degree in Islamic Studies. (Compare Pl.'s Reply, ECF No. 59 at 1 with Decl. of A. Whisnand, Ex. G [ECF No. 58-2 at 39-40].) Contrary to Plaintiff's claim, Defendant objected that such information is confidential and irrelevant to Plaintiff's claims. (Id.) Notwithstanding the objections, Defendant provided a supplemental response to Request for Admission No. 3 at the same time she provided a supplemental response to Request for Admission No. 5. (See Second Decl. of A. Whisnand, Ex. A.)

Request for Admission No. 5, as first served by Plaintiff on September 16, 2015, stated:

**REQUEST FOR ADMISSION NO. 5:**

You are requested to admit that NO MUSLIM CHAPLAINS were consulted nor gave your committee any advice about the requirements for Muslim Fasting in regard to the creation of the 2012 SATF RAMADAN MEMORANDUM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant admits that she did not consult a Muslim Chaplain for advice regarding the creation of the 2012 Ramadan memorandum but, after reasonable inquiry, lacks sufficient information or knowledge to admit or deny whether anyone else in the committee contacted a Muslim Chaplain in that regard and, on that basis, denies that anyone else in the committee did not consult a Muslim Chaplain.

(Decl. of A. Whisnand, ¶ 2, Ex. A at AJW.008; Decl. of A. Whisnand, ¶ 5, Ex. D. at AJW.076.)

On October 26, 2015, Plaintiff mailed Defendant a meet-and-confer letter expressing his disagreement with Defendant's response to Request for Admission No. 5. (Decl. of A. Whisnand, ¶ 7.) Plaintiff stated that Defendant was "obligated to "INQUIRE' into the other committee members['] actions, if by only simply asking them did they consult a Muslim Chaplain. . . ." (Id. at Ex. F,

1  AJW.084.) On November 20, 2015, defense counsel indicated in a letter to Plaintiff that Defendant
2  would "contact the other members of the committee who provided input into the 2012 Ramadan
3  Memorandum to determine whether any of them consulted a Muslim Chaplain." (Id. at Ex. G,
4  AJW.092.) In Plaintiff's final meet-and-confer letter, dated November 27, 2015, Plaintiff did not
5  mention Request for Admission No. 5. (Id. at Ex. H, AJW.095.) Defendant submits that it appeared
6  Plaintiff was satisfied with Defendant's statement that she would make the inquiry.

7  Defense counsel submits that as of December 21, 2015, the date counsel received Plaintiff's
8  instant motion to compel, he had not yet gathered information to provide a supplemental response to
9  Request for Admission No. 5. (Decl. of A. Whisnand, ¶ 21.) "Due to a busy workload and the
10 intervening holidays in the months of November and December, defense counsel neglected to produce
11 a supplemental response sooner." (Id.) As soon as defense counsel received the motion, he realized
12 he had not yet obtained the information and immediately sought the information and assembled a
13 supplemental response, which was served on Plaintiff with the partial opposition to the instant motion.
14 (Id.) Because defense counsel has now provided Plaintiff with a supplemental response to Plaintiff's
15 Request for Admission No. 5, Plaintiff's motion to compel a further response shall be denied.
16 However, defense counsel is cautioned that his legal obligation to provide timely discovery is not
17 excused merely because a holiday exists, and untimely responses burdens both Plaintiff and the Court.

18  **B.  Motion for Sanctions**

19  Plaintiff seeks imposition of sanctions in the amount of $5,000. Plaintiff contends that he
20 incurred $150 to "purchase books and materials for the creation of this motion." Plaintiff further
21 contends that he has spent approximately seventy hours related to discovery matters in this case.

22  Federal courts have the inherent authority to sanction conduct abusive of the judicial process.
23 Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). However, because of their very potency,
24 inherent powers must be exercised with restraint and discretion. Chambers, 501 U.S. at 44 (quotation
25 marks omitted). To be sanctionable under the Court's inherent power, the conduct must have
26 constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767
27 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94
28 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness,

10

harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; *Fink*, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009).

      The record does not support a finding that Defendant acted in bad faith in responding to Plaintiff's discovery requests, and Plaintiff's motion for sanctions pursuant to the Court's inherent authority is denied. Defense counsel submits that throughout the discovery phrase of this action, he has made every effort to respond accurately and thoroughly to all of Plaintiff's discovery requests, including the Supplemental Request for Production of Documents. Defense counsel sent Plaintiff three letters and spoke twice with Plaintiff on the telephone in an attempt to resolve any discovery disputes. (Decl. of A. Whisnand, ¶¶ 5, 6, 11, 12, 15.) Although defense counsel indicated that on November 20, 2015, he would provide a supplemental response to Request for Admission No. 5, and neglected to do so until January 5, 2016-after Plaintiff filed the instant motion to compel, there is no showing of bad faith on the part of counsel. Based on defense counsel's representations presented in his declaration, the delay is time is attributable to counsel's neglect, busy workload and calendar. In light of the record in this case, there is insufficient evidence to support a finding of bad faith on the part of defense counsel in responding to Plaintiff's discovery requests, and the discovery responses are currently up-to-date. Furthermore, Plaintiff has not incurred attorney's fees and is not entitled to compensation.[2] See Haney v. Saldana, No. 1:04-cv-05935-AWI-SMS-PC, 2010 WL 3341939, at *10 (E.D. Cal. Aug. 24, 2010) (lack of attorney's fees, entitlement to free copies as indigent prisoner, and court's need to issue a number of limiting instruction are circumstances under which an award of sanction to the plaintiff would be unjust). Accordingly, Plaintiff's motion for the imposition of sanctions shall be denied.

///
///
///
///

---

[2] Pro se litigants are not entitled to attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991).

11

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses to discovery is DENIED as MOOT; and
2. Plaintiff's motion for imposition of sanctions is DENIED.

IT IS SO ORDERED.

Dated:   **March 2, 2016**

UNITED STATES MAGISTRATE JUDGE