UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. ETCHEBEHERE, et.al.<br><br>　　　　Defendants. | Case No. 1:13-01966-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST TO EXTEND THE DEADLINE TO FILE A DISPOSITIVE MOTION<br><br>[ECF No. 86] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's January 13, 2017, order denying his motion to compel. Plaintiff also requests an extension of the dispositive motion deadline. Defendants filed an opposition to Plaintiff's motion on March 6, 2017.

**I.**

**DISCUSSION**

**A.    Motion for Reconsideration**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

1

<u>Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

In his motion, it appears that Plaintiff seeks an extension of time to submit a reply to Defendants' opposition to Plaintiff's motion to compel, filed October 14, 2016 and denied on January 13, 2017. The Court denied Plaintiff's motion to compel on January 13, 2017, and granted Defendants' request for reasonable expenses imposed for opposing Plaintiff's motion. On January 20, 2017, the Court denied as moot Plaintiff's previous request for an extension of time to file a reply to Defendants' opposition to his motion to compel.[1] In the January 13, 2017, order, the Court denied Plaintiff's second motion to compel stating the following:

> As previously stated, Plaintiff seeks to compel the production of additional "committee meetings minutes." (Mot. at 1, ECF No. 75.) Plaintiff contends that he submitted a notice of production to respond, dated March 31, 2016, alerting Defendants to the existence of copies of SATF's committee meetings minutes being archived at CDCR headquarters, per Departmental Operations Manual (DOM) § 12050.9. Plaintiff also argues that Defendant Ojeda "quoted from the previously claimed non-existence not possessed by any defendant 2012 Ramadan committee meeting minutes."
>
> There is no basis to support Plaintiff's motion to compel a further response from Defendants. As explained above in detail, Defendants have on numerous occasions advised Plaintiff that they have produced any and all documents that they can locate to date regarding Ramadan planning at SATF. Moreover, on August 24, 2016, defense counsel called Plaintiff to reiterate that SATF had no reason to believe that any other "minutes" existed. (Decl. A. Whisnand, ¶ 25.) Counsel submits that Plaintiff indicated that he understood that the June 18, 2012, document, "Ramadan Meeting" was the only "minutes" that Defendants or SATF could locate, and Plaintiff submits no evidence to the contrary. Plaintiff provides no support for his claim that the alleged "minutes" were "archived at CDCR headquarters," and Plaintiff's reference to the DOM section does not mention archiving minutes for meetings concerning religious events. (Decl. A. Whisnand, ¶¶ 5, 8-9, Ex. B at Whisnand.009.) Because Defendants have produced all of the "minutes" that they or SATF can locate concerning Ramadan and have indicated that a supplemental response will be provided if and when additional documentation is located, Plaintiff's motion to compel must be denied. As stated in the Court's March 3, 2016, denying Plaintiff's first motion to compel, "[a]bsent evidence to the contrary, not present here, Plaintiff is required to accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist." (Order at 6, ECF No. 65.) Accordingly, Plaintiff's second motion to compel is denied.

---

[1] As noted in the Court's January 20, 2017, order, Plaintiff's request for an extension of time to submit a reply was filed on January 17, 2017-well after the seven day deadline to file a reply pursuant to Local Rule 230(l). (ECF No. 83.)

(Order at 10:1-26, ECF No. 81.)  Plaintiff now seeks to submit a reply to simply re-hash the same arguments presented, considered and rejected by the Court on numerous occasions, namely, Plaintiff's claim that defense counsel has, in "an act of factual fraud or deceit upon the court, allegedly withheld "COMMITTEE MEETING MINUTES" that were supposedly routed to CDCR headquarters.  Plaintiff fails to present facts or law that warrant reconsideration of the prior denial of his second motion to compel in this case.  Plaintiff simply repeats the same arguments that do not support a valid basis for reconsideration of the Court's January 13, 2017, order.  Accordingly, Plaintiff's motion for reconsideration shall be denied.[2]

### B. Motion to Extend the Dispositive Motion Deadline

Plaintiff requests that the Court vacate and reset the dispositive motion deadline in order for him to file his own motion for summary judgment.  Defendants' oppose Plaintiff's request on the ground that Plaintiff has failed to demonstrate good cause.

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling

---

[2] Defendants submit that they do not oppose an extension of time for Plaintiff to file an opposition to their motion for summary judgment, filed February 6, 2017.

3

order's deadlines due to matters that could not have reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In order to demonstrate diligence, Plaintiff must show whether he collaborated with the court in setting a schedule; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent. Johnson, 975 F.2d at 608. "[C]arelessness not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 609. The district court is given broad discretion under Rule 16. Id. at 607.

The dispositive motion deadline of February 6, 2017, was set nearly one year ago, on March 30, 2016. (ECF No. 67.) Plaintiff submits that he has relied on inmate assistance in filing his request. However, Plaintiff has demonstrated that he can prosecute his own case, having filed several substantive motions and briefs (see, e.g., ECF No. 24 [Pl.'s Opp'n Def's Mot. Summ. J], No. 55 [Pl.'s First Mot. Compel], No. 75 [Pl.'s Second Mot. Compel), and Plaintiff has propounded several discovery requests upon Defendants (see, e.g., Second Decl. of A. Whisnand, ECF No. 79-1 through 79-8.) Although Mr. Hearns, on behalf of Plaintiff, contends that he attempted to mail a request for an extension of time to Plaintiff or Plaintiff's family (ECF No. 86 at 2), ultimately, Plaintiff is responsible for filing his owns requests for extensions of time. See, e.g., Victory v. Barber, No. 1:05-CV-01578-LJO-DLB PC, 2010 WL 4942770, at *2 (E.C. Cal. Nov. 30, 2010) (noting that an inmate-plaintiff should not "need to consult a jailhouse lawyer prior to filing a motion for extension of time," and such motion "is not difficult to prepare.")[3]  Accordingly, Plaintiff's request to vacate and reset the dispositive motion deadline shall be denied. In the interest of justice, the Court will grant Plaintiff thirty days from the date of service of this order to file an opposition to Defendants' motion for summary judgment, filed February 6, 2017.

///

---

[3] In addition, many inmates rely upon the assistance of "jailhouse lawyers" and could say the same thing, which does not excuse or relieve the individual plaintiff from prosecuting his/her own case.

4

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's January 13, 2017, order is denied;

2. Plaintiff's request to vacate and reset the dispositive motion deadline is denied; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment, filed February 6, 2017.

IT IS SO ORDERED.

Dated: **April 4, 2017**

UNITED STATES MAGISTRATE JUDGE