**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CURTIS BOYD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. ETCHEBEHERE, et.al.<br><br>　　　　　Defendants. | Case No. 1:13-01966-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION TRANSCRIPT<br><br>[ECF No. 96] |

Plaintiff Curtis Boyd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to suppress the deposition submitted by Defendants in support of their motion for summary judgment, filed April 24, 2017. Defendants filed an opposition on April 27, 2017. Because it is clear that there is no basis under the law to suppress the use of Plaintiff's deposition, the Court finds a reply unnecessary and will not await the time for such filing.

**I.**

**DISCUSSION**

In his motion, Plaintiff argues that he was not given the opportunity to review the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e)(1)(A), Defendants have only submitted a partial portion of the transcript in support of their motion for summary judgment, and requests

1

sanctions be imposed for Defendants continuous misconduct and disobedience of the law. Plaintiff's motion must be denied.

Federal Rule of Civil Procedure 30(e) permits a deponent to make changes to his deposition testimony "in form or substance" provided the deponent (1) requests review of the deposition to make corrections, (2) signs a statement listing the changes and the reasons for making them, and (3) submits changes within thirty days of receiving notice that the transcript is available. Fed. R. Civ. P. 30(e)(1)-(2).

In order to properly object and suppress the deposition transcript, Rule 32 of the Federal Rules of Civil Procedure provides:

> An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(4).

First, Plaintiff's claim that the deposition should be excluded because he was not given an opportunity to review the transcript is belied by the evidence in the record. Defendants have submitted a declaration dated December 2, 2016 signed under penalty of perjury by Plaintiff stating that he "read the foregoing [deposition] transcript" and that his "testimony contained [t]herein, as corrected, is true and correct." (ECF No. 84-4 at p. 95.)

Second, Plaintiff's claim that there are "certain errors and irregularities" in the transcript is also belied by the evidence in the record. (Pl.'s Mot. at p. 1, ECF No. 96.) Defendants have submitted five errata sheets containing handwritten corrections by Plaintiff with line-page citations after his review of the entire deposition transcript. (See ECF No. 84-4 at pgs. 96-100.) Thus, there is no showing of any basis to suppress the deposition transcript for certain unidentified errors and irregularities in the transcript.

Third, Plaintiff claims that he "was given a partial copy of the deposition transcript," attached as Exhibit A to the Declaration of Andrew Whisnand in support of the motion for summary judgment. (Pl.'s Mot. at p. 1, ECF No. 96; Decl. of A. Whisnand Supp. Defs.' Mot. Summ. J., Ex. A, ECF No. 84-4 at pgs. 3-134.) Local Rule 133(j) does not require Defendants to provide Plaintiff a copy of the

entire deposition if the entire deposition is submitted to the Court in hard copy. Local Rule 133(j) provides as follows:

> Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise. See L.R.250.1(a).

Defendants provided the Court with a hard copy of Plaintiff's entire deposition on December 8, 2016. (ECF No. 80.) Defendants also attached the pertinent portions of Plaintiff's deposition as Exhibit A to their motion for summary judgment which was properly served on Plaintiff. (ECF No. 84.) Therefore, Defendants have complied with the rules of this Court. In addition, the law does not require that Plaintiff be provided a free copy of his deposition transcript unless he has paid for a copy and Defendant is under no obligation to provide Plaintiff with a free copy of the transcript. Furthermore, Plaintiff's in forma pauperis status does not authorize the expenditure of public funds for deposition transcripts. 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is properly only when authorized by Congress'") (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)).

Lastly, Plaintiff claims that the Court should exclude the deposition transcript as a sanction against "Defendants and [their] counsel for continual misconduct and disobedience to the rule of law." (Pl.'s Mot at p. 2, ECF No. 96.) Plaintiff's request for sanctions must be denied as there is no basis to find that Defendants have engaged in "continual misconduct" and/or "disobedience of the rule of law." To the contrary, Defendants have complied with the applicable local rules and rules of civil procedure. Accordingly, Plaintiff's request for sanctions must be denied. Plaintiff is advised that his opposition

//
//
//

to Defendants' motion for summary judgment is presently due on or before May 18, 2017, and if Plaintiff desires to file such opposition he should focus his efforts on doing so in a timely fashion.

Based on the foregoing, Plaintiff's motion to suppress his deposition transcript submitted in support of Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:  **May 1, 2017**

UNITED STATES MAGISTRATE JUDGE