UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>C. ETCHEBEHERE, et.al.<br><br>    Defendants. | Case No. 1:13-01966-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FILED AUGUST 28, 2017<br><br>[ECF No. 108] |

    On August 9, 2017, the Court granted Defendants' motion for summary judgment and judgment was entered in favor of Defendants, in this civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.

    On August 17, 2017, Plaintiff filed untimely objections to the Findings and Recommendations. (ECF No. 106.) Defendants filed a response on August 24, 2017. (ECF No. 107.)

    On August 28, 2017, Plaintiff filed a motion for reconsideration of the Court's August 9, 2017, order under Rules 52(b) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 108.) On this same date, Plaintiff filed a notice of appeal.

    On September 1, 2017, the Ninth Circuit held the proceedings in abeyance pending a ruling by this Court on Plaintiff's August 28, 2017, motion for reconsideration.

///

///

# I.

# DISCUSSION

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court.[1] The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud . . . by an opposing party, . . .; (4) the judgment is void; (5) the judgment has been satisfied…; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision. United States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist

---

[1] As previously stated, Plaintiff has also moved for reconsideration pursuant to Rule 52(b) of the Federal Rules of Civil Procedure which is inapplicable here. Rule 52(b) applies to actions tried on the facts without a jury or with an advisory jury, i.e. a bench trial, and requests that the court amend its findings of fact. Fed. R. Civ. P. 52(a)(1), (b).

which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In the instant motion for reconsideration, Plaintiff seeks reconsideration primarily based on his contentions that Defendants failed to present evidentiary support a finding in their favor under the factors set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), sanctions were improperly denied against Defendants for withholding certain "minutes" from Ramadan-planning meetings that took place at SATF because section 12050.9 of the Department Operations Manual (DOM) requires minutes to be routed to CDCR headquarters, and several discovery responses were inadequate and/or inconsistent.

This action proceeded on Plaintiff's claim for denial of his rights under the First Amendment by requiring him to participate in the prison's Religious Meat Alternative Program in order to receive his religiously mandated Ramadan and evening meals. In granting summary judgment in favor of Defendants, it was determined based on the evidence presented and the arguments presented by the parties, the Court found after weighing the relevant factors under Turner v. Safley, 482 U.S. 78, 89 (1987) that Defendants were entitled to summary judgment.

As set forth in the Findings and Recommendations, Defendants presented sufficient evidence to demonstrate that the 2012 Ramadan policy was a reasonable method to reduce administrative burdens for Defendants, custody staff, food services, the inmates, and chaplain. Although Plaintiff did not receive Ramadan meals for seven days, it was undisputed that he had various other alternative avenues to practice his religion. While there was insufficient evidence to determine whether requiring enrollment in the RMA would have a marked effect on CDCR, based on the evidence presented by Defendants there was no easy and obvious ready alternative. Thus, the Court found that Defendants were entitled to summary judgment on Plaintiff's First Amendment claim. Moreover, the Court also found that, in the alternative, Defendants were entitled to qualified immunity.

Plaintiff continues to challenge the denial of sanctions and/or discovery responses; however, Plaintiff does not present newly discovered evidence, clear error, or an intervening change in the law. As addressed in the Findings and Recommendations and contrary to Plaintiff's arguments, there was no basis to warrant sanctions against Defendants for the alleged instances of misconduct, fraud, and discovery abuses. (ECF No. 103, at pp. 26-29.) Plaintiff continues to argue that Defendants withheld

certain "minutes" from Ramadan-planning meetings that took place at SATF. However, Plaintiff has been advised by the Litigation Coordinator, through defense counsel, that contrary to his argument section 12050.9 of the DOM does not apply to religious planning meets and Defendants have produced all of the minutes they could locate regarding Ramadan planning. (ECF No. 81.) Plaintiff's motion merely reiterates the same arguments made in his initial motion and does not meet the standards for granting reconsideration. The Magistrate Judge correctly determined that under the circumstances presented, Plaintiff was required to accept Defendants' response that no responsive documents exist. (ECF No. 81); Fed. R. Civ. P. 26(g)(1), 34; <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010); <u>Uribe v. McKesson</u>, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). As stated above, motions for reconsideration are not available to dissatisfied litigants as a vehicle by which to require the same judge or a different judge to rethink a decision, and Plaintiff's disagreement with the Magistrate Judge's determination that Defendants' discovery responses were legally sufficient provides no basis for reconsideration. Based on the foregoing, Plaintiff's motion for reconsideration, filed August 28, 2017, is denied.

IT IS SO ORDERED.

Dated: **September 12, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE